**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FreeLife International, Inc., a Connecticut corporation, | No. CV07-2210-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Clear Perceptions Marketing, an Iowa company; David Lucas Burge and Jane Doe Burge, husband and wife; and Gary Boucherle and Noelle Boucherle, | |
| Defendants. | |

Defendants have filed a motion to dismiss for lack of personal jurisdiction. Dkt. #4. Plaintiff opposes the motion and, alternatively, seeks limited jurisdictional discovery. Dkt. #6. For the reasons set forth below, the Court will deny the motion with respect to Defendant David Burge, grant the motion with respect to Defendant Noelle Boucherle, and deny the remainder of the motion without prejudice to permit jurisdictional discovery with respect to Defendants Clear Perceptions Marketing and Gary Boucherle.

**I.     Personal Jurisdiction Standards.**

Plaintiff alleges that Defendants have posted articles about its Himalayan Goji® juice on the Internet website "breathe.org" that defame Plaintiff, intentionally interfere with Plaintiff's existing and prospective contractual relations or economic advantages, and breach a contract with Plaintiff. Dkt. #1-2 at 6-14. Defendants contend that they and their passive website lack sufficient contacts with Arizona to support this Court's exercise of personal

1  jurisdiction. Dkt. #4.

2        Because the Court is resolving the motion to dismiss without holding an evidentiary
3  hearing, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand
4  the motion." *Ballard v. Savage*, 65 F.3d 1494, 1498 (9th Cir. 1995). Plaintiff must establish
5  facts that if true would support personal jurisdiction. *See id.* Disputed facts must be decided
6  in Plaintiff's favor. *See Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001).

7        Because there is no federal statute that governs personal jurisdiction in this case,
8  Arizona's long-arm rules apply. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th
9  Cir. 1995). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction co-
10 extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d
11 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4
12 (Ariz. 1987)). Federal due process requires that a defendant have certain minimum contacts
13 with the forum state so that the exercise of personal jurisdiction will not offend traditional
14 notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310,
15 316 (1945).

16       Personal jurisdiction is either general or specific. *See Helicopter Nacionales de*
17 *Columbia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984); *Ziegler v. Indian River County*, 64
18 F.3d 470, 473 (9th Cir. 1995). Because Plaintiff does not claim that general jurisdiction
19 exists in this case, the Court must determine whether specific jurisdiction exists.

20       The Ninth Circuit applies a three-part test for specific jurisdiction. Such jurisdiction
21 exists if (1) the defendant purposefully availed himself of the privileges of conducting
22 activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim
23 arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction over
24 the defendant is reasonable. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223
25 F.3d 1082, 1086 (9th Cir. 2000); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76
26 (1985). The first prong of this test can be satisfied if the defendant has "(1) 'purposefully
27 availed' himself of the privileges of conducting activities in the forum, or (2) 'purposefully
28 directed' his activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155

(9th Cir. 2006).

## II. Personal Jurisdiction over Burge.

### A. Purposeful Availment.

The purposeful availment test requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. This requirement is designed to ensure that the defendant is not haled into a foreign court as the result of random, fortuitous, or attenuated contacts. *See Gray & Co. v. Firstenberg mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1988).

Plaintiff argues that Burge purposefully availed himself of the privilege of conducting activities in Arizona when he consented to an Arizona choice-of-law and forum selection clause in a distributorship agreement with Plaintiff.[1] Burge admits that he applied and paid for a distributorship agreement, but argues that no valid contract was formed because he provided a false social security number and did not intend to become a FreeLife Marketing Executive. Dkt. #4 at 9.

"'[F]or an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of the terms so that the obligations involved can be ascertained.'" *Regal Homes, Inc. v. CAN Ins.*, 171 P.3d 610, 617 (Ariz. Ct. App. 2007) (quoting *Sacova Masonry Co. v. Homes & Sons Constr. Co.*, 542 P.2d 817, 819 (Ariz. 1975)). There must also be mutual assent to all material terms. *See Hill-Shafer P'Ship v. Chilson Family Trust*, 799 P.2d 810, 814 (Ariz. 1990). "Mutual assent is based on objective evidence, not the hidden intent of the parties." *Id.* at 815.

Plaintiff's website offered marketing executive positions to people who completed an online application. Dkt. #6 at 5. Burge accepted this offer by completing the application, paying the enrollment fee, and clicking the "I accept" box to confirm his consent to be bound by Plaintiff's policies and procedures. A reasonable person viewing Burge's actions would

---

[1] The distributorship agreement provides that Arizona law will apply to any disputes arising from the agreement. The parties do not dispute this choice of law. The Court therefore will apply Arizona law to issues of contract formation.

- 3 -

1  conclude that he had accepted Plaintiff's offer. *See XPEL Tech. Corp. v. Md. Performance*
2  *Works Ltd.*, No. SA-05-CA-0593-XR, 2006 WL 1851703, at *6-7 (W.D. Tex. May 19, 2006)
3  (personal jurisdiction existed where the defendant accepted licenses with the plaintiff
4  through a website click). Burge provided his own name, paid the required fee, and clicked
5  the "I accept" box. He did not inform Plaintiff that he was using an incorrect social security
6  number; he did not refuse to provide a number; and he did not otherwise indicate that he was
7  actually declining Plaintiff's offer. An objective review of Burge's actions can lead to only
8  one conclusion – he agreed to the terms of Plaintiff's contract. Burge cannot now use his
9  hidden intent to negate his actions. *See Hill-Shafer*, 799 P.2d at 815.

10  Forum selection clauses can serve as the basis for purposeful availment. *See Gates*
11  *Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984) ("Not only did [Defendant]
12  solicit the distributorship agreement in Arizona, but also the agreement specifically provides
13  that Arizona law governs it . . . . [Defendant] should have reasonably anticipated 'being
14  haled into court' in Arizona.") (citations omitted); *Fireman's Fund Ins. Co. v. Nat'l Bank of*
15  *Coops.*, 10 F.3d 888, 894 (9th Cir. 1996) (purposeful availment where defendant entered into
16  agreement providing for arbitration in California); *O'Hare Int'l Bank v. Hampton*, 437 F.2d
17  1173, 1177 (7th Cir. 1971) ("[T]he fact that the guaranty was to be construed according to
18  Illinois law and performed in that state clearly demonstrates that the defendants 'invoked the
19  benefits and protection' of the state."); *Alchemie Int'l, Inc. v. Metal World, Inc.*, 523 F. Supp.
20  1039, 1053 (D.N.J. 1981) (defendant signed a contract containing a New Jersey choice-of-
21  forum provision and "should reasonably have anticipated being haled into court" in New
22  Jersey).

23  Moreover, forum selection clauses are "prima facie valid and enforceable unless the
24  [opposing party] can show enforcement would be unreasonable under the circumstances."
25  *Hendricks v. Bank of Am.*, 408 F.3d 1127, 1137 (9th Cir. 2005) (citation omitted); *see*
26  *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). The Ninth
27  Circuit applies a three-part test to determine if a forum selection clause is unreasonable:
28  "'(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching;

- 4 -

1  (2) if the party wishing to repudiate the clause would effectively be deprived of his day in
2  court were the clause enforced; and (3) if the enforcement would contravene a strong public
3  policy of the forum in which the suit is brought.'" *Holland Am. Line Inc. v. Wärtsilä North*
4  *Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 326 F.3d
5  1133, 1140 (9th Cir. 2004)); *see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592
6  (1991). Applying this test, Burge has failed to show that the forum selection clause in
7  Plaintiff's contract is unreasonable. The clause was not the product of fraud – it was in the
8  distributor agreement when Burge accepted the offer. Enforcement of the clause does not
9  deprive Burge of his day in court – he has not asserted that he is unable to defend this action
10 in Arizona. And Burge has identified no public policy argument preventing enforcement of
11 the clause. The Court accordingly concludes that the forum selection clause is valid and
12 satisfies the purposeful availment requirement of specific jurisdiction.

13     **B.     Purposeful Direction.**

14     As noted above, a court may also exercise specific jurisdiction over a defendant where
15 the intended effects of the defendant's non-forum conduct were purposely directed at and
16 caused harm in the forum state. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Sinatra*
17 *v. Nat'l Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he decisions of this court have
18 interpreted the holdings of *Calder* and *Burger King* as modifying the purposeful availment
19 rubric to allow 'the exercise of jurisdiction over a defendant whose only 'contact' with the
20 forum is the 'purposeful direction' of a *foreign* act having *effect* in the forum state.'")
21 (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1394, 1397 (9th
22 Cir. 1986) (emphasis in original)). To satisfy the *Calder* effects test, the defendant "must
23 have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and
24 (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to
25 be suffered in the forum state." *Bancroft*, 223 F.3d at 1087 (citing *Panavision Int'l, L.P. v.*
26 *Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998)). When applying the "effects" test, there must
27 be "something more" than a foreseeable effect in the forum. *Id.* There must be "'express
28 aiming' at the forum state." *Id.*; *see Pebble Beach*, 453 F.3d at 1156.

1    Burge asserts that his website is passive and does not give rise to personal jurisdiction based on the Ninth Circuit's decision in *Pebble Beach*. Dkt. #4 at 6. In *Pebble Beach*, the defendant used plaintiff's golf resort trademark in the domain name of his United Kingdom bed and breakfast website. *Id.* at 1153. Although the defendant knew of the plaintiff's Pebble Beach golf resort in California, the website did not mention the resort. *Id.* at 1153-54. The defendant's website was not interactive and only provided information about UK accommodations, which overlooked a pebble beach. *Id.* at 1153. No reservations could be made online, though visitors could submit an online inquiry form. *Id.* at 1153-54. The Ninth Circuit held that defendant's actions were not expressly aimed at the California forum and therefore did not satisfy the "effects" test. *Id.* at 1156.

Unlike the defendant in *Pebble Beach*, Burge was not merely advertising a distant product using Plaintiff's name. Burge intentionally created the breathe.org website and aimed it at Plaintiff and Plaintiff's product. Indeed, the sole purpose of the website is to attack Plaintiff and Himalayan Goji® juice. Burge entered into a contract that chose Arizona as the forum for resolving disputes, made calls to Arizona, and enhanced his website after receiving a cease and desist letter that clearly indicated Plaintiff was an Arizona company. Moreover, Burge conducted significant research of Plaintiff and its product in connection with his postings on breathe.org, and Plaintiff has submitted evidence that its corporate websites provide Phoenix addresses for its corporate headquarters, general counsel's office, and customer service department, and that the Better Business Bureau – which breathe.org references – lists a Phoenix address for Plaintiff. This evidence, which the Court must take as true in resolving this motion, suggests that Burge knew the location of Plaintiff's business and that attacks devoted exclusively to Plaintiff's product would produce effects in Arizona. What is more, Plaintiff has presented evidence that Burge attempted to hide his involvement with breathe.org and acted under the false name of Christian Truman – facts that could support a conclusion that Burge knew his actions were harmful to Plaintiff and tried to avoid responsibility for them.

From all of these facts, the Court concludes that Burge purposefully directed his

1 activities at Plaintiff, knowing that it was an Arizona business and that his actions could have
2 significant Arizona consequences. Express aiming occurs when the "defendant is alleged to
3 have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be
4 a resident of the forum state," *Bancroft*, 223 F.3d at 1087, precisely what Burge did here.

**C.     Arising Out Of.**

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of a defendant's forum-related activities. *See Omeluk v. Langstein Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995). The "arising out of" requirement is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom*, 49 F.3d at 561. The facts recounted above concern Burge's actions in creating and enhancing breathe.org – the basis for this lawsuit. But for those actions, Plaintiff would not have brought this action.

**D.     Reasonableness.**

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of specific jurisdiction are satisfied. *See Int'l Shoe*, 326 U.S. at 316 (1945); *Ziegler*, 64 F.3d at 474-75. A district court presumes, however, that its exercise of jurisdiction over a defendant is reasonable if these two requirements are met. *See Ballard*, 65 F.3d at 1500. The burden then shifts to the defendant to "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477).

The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant of litigating in the forum, (3) the extent of conflicts with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *See Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

1    292 (1980) (listing several of the seven factors).

2    Burge alleges jurisdiction would be unreasonable because he minimally, if at all,
3    interjected himself into Arizona. Dkt. #4 at 10. But the purposeful interjection "factor
4    parallels the question of minimum contacts [.]" *Amoco Egypt Oil Co. v. Leonis Navigation*
5    *Co.*, 1 F.3d 848, 852 (9th Cir. 1993). Because Burge satisfies the purposeful availment and
6    purposeful direction tests as explained above, this factor weighs against him.

7    Burge also contends that Arizona is a burdensome forum because he is a resident of
8    Hawaii and spends "considerable time in Iowa." Dkt. #4 at 10. But Arizona "has a strong
9    interest in ensuring that its citizens are fully compensated for their injuries." *Gates Learjet*
10   *Corp.*, 743 F.2d at 1333. Burge has not shown that travel to Arizona would be unduly
11   burdensome.

12   Burge has failed to present a compelling case that jurisdiction in Arizona is
13   unreasonable. The Court concludes that is has specific personal jurisdiction over Burge.

14   **III.    The Remaining Defendants.**

15   Plaintiff fails to provide evidence supporting personal jurisdiction over Defendant
16   Noelle Boucherle, and instead admits that "it is likely that [the Boucherle defendants] do not
17   own community property." Dkt. #6 n. 1. Because community property is the sole basis for
18   the claim against Noelle Boucherle, the Court will grant the motion to dismiss with respect
19   to her.

20   With regard to Defendants Gary Boucherle and Clear Perceptions Marketing, the
21   Court will grant Plaintiff's request for jurisdictional discovery. These Defendants deny any
22   involvement with breathe.org, but Plaintiff has presented evidence that they were involved.
23   The Court will deny the motion of these Defendants, but permit them to re-file it 45 days
24   from the date of this order. Plaintiff may then respond with discovery it has obtained in the
25   meantime.

26   **IT IS ORDERED:**

27   1.    The motion to dismiss for lack of personal jurisdiction (Dkt. #4) is **denied** with
28         respect to Defendant David Lucas Burge and **granted** with respect to

Defendant Noelle Boucherle.

2. The motion is dismissed without prejudice with respect to Defendants Gary Boucherle and Clear Perceptions Marketing, and may be filed again by these Defendants within 45 days of this order.

3. The Court will schedule a Rule 16 case management conference by separate order.

DATED this 6th day of March, 2008.

_____
David G. Campbell
United States District Judge