**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Freelife International, Inc., a Connecticut corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>American Educational Music Publications, Inc., a Delaware company, et al.,<br><br>　　　　Defendants. | No. CV07-2210-PHX-DGC<br><br>**ORDER** |

Defendant American Education Music Publications, Inc. ("American Music") renews its motion to dismiss for lack of personal jurisdiction. Dkt. #26. A response and reply have been filed. Dkt. ##28, 34. The Court will deny the motion.

**I.　Background.**

Plaintiff commenced this action on October 15, 2007, alleging defamation, interference with contractual relationships, and breach of contract. Dkt. #1-1. Defendants removed the case to this Court on November 15, 2007, based on diversity jurisdiction, and filed a motion to dismiss for lack of personal jurisdiction on November 21, 2007. Dkt. ##1, 11. The Court granted the motion with respect to Defendant Noelle Boucherle, denied it with respect to Defendant David Lucas Burge, and denied it without prejudice with respect to the remaining defendants to permit jurisdictional discovery. Dkt. #11 at 8-9. The Court subsequently granted a stipulation to dismiss Defendant Gary Boucherle without prejudice and to substitute Defendant American Music for Defendant Clear Perceptions Marketing

("CP Marketing"). Dkt. #27. The parties agreed that CP Marketing is a dba used by American Music, not a separate legal entity. Defendant American Music renewed the motion to dismiss on April 21, 2008. Dkt. #26.

## II.     Personal Jurisdiction.

Plaintiff bears the burden of establishing personal jurisdiction. *See, e.g. Zigler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Because the Court is resolving the motion to dismiss without holding an evidentiary hearing, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff must establish facts that if true would support personal jurisdiction. *Id.* Disputed facts must be decided in Plaintiff's favor. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

Because there is no federal statute that governs personal jurisdiction in this case, Arizona's long-arm rules apply. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona Rule of Civil Procedure 4.2(a) "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987)). Federal due process requires that a defendant have sufficient minimum contacts with the forum state so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction is either general or specific. *See Helicopter Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984); *Ziegler*, 64 F.3d at 473. Because Plaintiff does not claim that general jurisdiction exists in this case, the Court must determine whether there is specific jurisdiction.

The Ninth Circuit applies a three-part test for specific jurisdiction. Such jurisdiction exists if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is

reasonable. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985). The Court will address each of these three factors.

### A. Purposeful Direction.

Plaintiff argues that American Music purposefully directed its actions at FreeLife, an Arizona resident, by creating and supporting the breathe.org website.[1] Dkt. #28 at 2. The first prong of the specific jurisdiction test can be satisfied if the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *See Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) (interpreting *Calder* as modifying the purposeful availment rubric to allow "the exercise of jurisdiction over a defendant whose only contact with the forum is the purposeful direction of a foreign act having effect in the forum state") (internal citations omitted). To satisfy the *Calder* effects test, the defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998)). When applying the "effects" test, there must be "something more" than a foreseeable effect in the forum. *Id.* There must be "'express aiming' at the forum state." *Id.*; *see Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Express aiming occurs when the "defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft*, 223 F.3d at 1087.

The Court previously held that Plaintiff has made a prima facie showing that Defendant Burge intentionally aimed the breathe.org website at Plaintiff, an Arizona resident.

---

[1] Plaintiff contends that the Court's March 6, 2008 order found sufficient evidence to establish personal jurisdiction over CP Marketing (now American Music). Dkt. #28 at 2-3. The Court did not resolve whether it had jurisdiction over CP Marketing, but instead denied the motion to "grant Plaintiff's request for jurisdictional discovery." Dkt. #11 at 8.

- 3 -

1 Dkt. #11 at 6. The evidence addressed in the current motion, viewed in the light most 2 favorable to Plaintiff, suggests that American Music was substantially involved in the 3 creation and operation of breathe.org.

4 Plaintiff has presented evidence of the following facts: American Music originally 5 purchased the breathe.org domain name (Dkt. #9-1 ¶ 3); American Music promoted 6 breathe.org through a hyperlink on another website it owned – www.perfectpitch.com 7 (Dkt. #6-2 ¶ 11, Dkt. #6-3 at 4, Dkt. #28 at 2); American Music's office, computers, and 8 software were used to create and maintain breathe.org (Dkt. #28-2 at 7:15-8:8, Dkt. #28 at 9 2-4); funds from American Music were used to pay expenses related to breathe.org (*id.* at 10 23), including payments to a consultant to develop strategies for increasing traffic on 11 breathe.org (*id.* at 21:20-22:3), payments to purchase literature on Goji berries (*id.* at 18:1-12 14), and payments to purchase bottles of Goji juice (*id.* at 19:20-20:20, Dkt. #28 at 2-4, 13 Dkt. #28 at 4, *see* Dkt. #26-2 at 25); American Music's president and sole owner registered 14 as a FreeLife marketing executive in order to obtain information about FreeLife and its 15 products (Dkt. #6-2 ¶ 13; Dkt. #6-3 at 13-18); and American Music operates several websites 16 related to natural foods, sells products through some of these sites (Dkt. #6-1 ¶¶ 15-29, *id.* 17 at 37-74), and therefore has a financial motive to disparage Freelife as a competitor (Dkt. #28 18 at 3).[2] Defendant of course disputes many of these facts, but the Court must accept them as 19 true for purposes of this motion. *Unocal Corp.*, 248 F.3d at 922 ("'conflicts between the 20 facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes 21 of deciding whether a prima facie case for personal jurisdiction exists'") (quoting *AT&T v.* 22 *Compagnie Bruzelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). Assuming these facts to

---

[2]Plaintiff asserts that American Music employees Gary Boucherle and Laura Miller helped maintain breathe.org. Dkt. #28 at 4. But the portion of the record cited describes only one event where Burge asked Boucherle to help him download files in preparation for this case and two instances where Miller was reimbursed by American Music for purchasing Goji juice. Dkt. #28-2 at 17:9-20:24. Because this allegation is not supported by the record, the Court has not relied on it reaching a decision on this motion.

be true, the Court concludes that Plaintiff has established a prima facie case that American Music participated fully in the creation and operation of breathe.org, a website that directly targeted FreeLife, an Arizona company.

### B. "Arising Out Of."

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of a defendant's forum-related activities. *See Omeluk v. Langstein Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995). The "arising out of" requirement is met if, "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. *See Terracom*, 49 F.3d at 561. Neither side disputes this issue, and in any case, this cause of action would not exist but for Defendants' creation and operation of breathe.org.

### C. Reasonableness.

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements are satisfied. *See Int'l Shoe*, 326 U.S. at 316; *Ziegler*, 64 F.3d at 474-75. A district court presumes, however, that its exercise of jurisdiction over a defendant is reasonable if these two requirements are met. *See Ballard*, 65 F.3d at 1500. The burden then shifts to the defendant to "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477).

The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant of litigating in the forum, (3) the extent of conflicts with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *See Ziegler*, 64 F.3d at 475 (citing *Terracom*, 49 F.3d at 561); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (listing several of the seven factors).

Defendant American Music does not argue in its renewed motion to dismiss that personal jurisdiction would be unreasonable in this case. Dkt. #26. Although Defendant's original motion to dismiss broadly claimed that "it would be unreasonable to exercise jurisdiction over any defendant," it failed to describe how jurisdiction is unreasonable over American Music in particular. Dkt. #4 at 10. This argument falls short of the "compelling case" standard. The presumption that jurisdiction is reasonable has not been rebutted.

### III. Conclusion.

Because Plaintiff has met its burden to make a prima facie showing that American Music purposefully directed its actions against an Arizona resident and that the cause of action arose out of this conduct, and because Defendant failed to prove that specific jurisdiction is unreasonable, the Court finds that it has personal jurisdiction over American Music.

**IT IS ORDERED** that the renewed motion to dismiss for lack of personal jurisdiction (Dkt. #26) is **denied**.

DATED this 12th day of June, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge