**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| FreeLife International, Inc., a Connecticut corporation, | ) ) ) | No. CV-07-2210-PHX-DGC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Clear Perceptions Marketing, an Iowa company, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to the Court's previous order (Dkt. #60), the parties have filed memoranda addressing whether Plaintiff must show the falsity of a statement in order to prove breach of the non-disparagement clause of the parties' alleged contract. Dkt. ##61, 62. The Court concludes that falsity is not a necessary element of the breach of contract claim. The Court also concludes, however, that this ruling does not render the truth or falsity of Defendants' statements entirely irrelevant in this litigation.

Plaintiff has sued Defendants for breach of paragraph 10 of the Marketing Executive Agreement. That clause provides that each Marketing Executive "must not disparage other Marketing Executives, FreeLife's products/services, the Compensation Plan, or company employees." Dkt. #62 at 1. Plaintiff contends that Defendant Burge breached this obligation by making disparaging statements about Plaintiff's products.

Because this is a breach of contract claim, the relevant question is the meaning of the contract. The Court word "disparage" in the contract is not ambiguous and should be given

1  its plain and ordinary meaning. *See Employers Mut. Cas. Co. v. DGG & CAR, Inc.,* 183 P.3d
2  513, 518 (Ariz. 2008). "Disparage means to lower in rank or reputation," "degrade," and "to
3  depreciate by indirect means." Webster's New Collegiate Dictionary at 326 (1981). The
4  ordinary meaning of the term does not require that the disparaging statement be false.

5        This meaning is reinforced by the contract itself. Paragraph 9, which appears just
6  before the non-disparagement clause, provides that Marketing Executives shall not make any
7  "false and defamatory" statement. Dkt. #61 at 4. This provision shows that the parties knew
8  how to specify a requirement of falsity when they intended it. Paragraph 9 also stands in
9  contrast to the non-disparagement agreement, which contains no falsity requirement.
10 Moreover, if the non-disparagement clause applied only to false statements as Defendants
11 contend, it would be unnecessary because false statements already are proscribed by
12 paragraph 9. The Court concludes that most natural reading of the contract, and one that
13 gives meaning to both paragraphs 9 and 10, is that the non-disparagement clause does not
14 require false statements.

15       Defendants cite to case law concerning the tort of product disparagement. Dkt. #62
16 at 3. As Defendants themselves correctly note, however, Plaintiff "is not making a tort claim
17 for product disparagement and . . . the meaning of the word 'disparagement' must be gleaned
18 from the intention of the parties." *Id.* For reasons stated above, the Court concludes that the
19 non-disparagement provision was not limited to false statements.

20       Defendants argue that the non-disparagement provision is void because it violates
21 constitutionally protected rights to free expression and is found in a contract of adhesion.
22 Dkt. #62 at 4-5. The Court need not decide these issues. If the non-disparagement clause
23 is void, Plaintiff's claim for breach of the clause will fail regardless of whether or not falsity
24 is proved. Thus, whether or not the clause is void does not address the question of whether
25 Plaintiff must prove falsity in order to prevail.

26       The Court concludes, however, that its interpretation of paragraph 10 of the contract
27 does not render the truthfulness or falsity of Defendants' statements irrelevant. Plaintiff
28 seeks punitive damages. Dkt. #1, Ex. 1, Complaint at 8. Plaintiff's mental state will be

1  relevant to the question of punitive damages, and the truthfulness or falsity of Defendants'
2  statements could be relevant to Defendants' mental state. Moreover, the truthfulness or
3  falsity of the statements might be relevant to other damages issues to be addressed by the
4  jury. For this reason, the Court cannot conclude that truthfulness or falsity are irrelevant
5  considerations during discovery.

6      DATED this 20th day of October, 2008.

*David G. Campbell*
United States District Judge