1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freelife International, Inc., ) | No. CV-07-2210-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| American Educational Music Publications,) Inc., a Delaware company; David Lucas) Burge, ) | |
| Defendants. ) | |

This case arises on Plaintiff's Motion to Privately Disclose Attorneys' Fees to Settlement Conference Judge and Motion for Expedited Consideration,[1] filed on January 25, 2010. (docket # 169)  Plaintiff Freelife International, Inc. ("Freelife" or "Plaintiff") requests "that the parties not be required to disclose an estimate of the costs and time to be expended for trial, including the parties' past and future attorneys' and experts' fees, in their Settlement Conference Memoranda." (*Id*. at 1) "Defendants have no objection to the mutual disclosure of attorney fee information. . . ."  (docket # at 172 at 1)  The Court will deny Plaintiff's Motion but will enter a *sua sponte* protective order that all parties are prohibited from disclosing or otherwise publicizing the other party's attorneys'

---

[1] Fortuitously, the undersigned Magistrate Judge was provided the only notice of Plaintiff's Motion by Judge Campbell's Judicial Assistant. Plaintiff's counsel did not provide a copy to the undersigned's ECF mailbox, contrary to LRCiv 40.2(d), despite the undersigned's issuance of the order about which Plaintiff objects.

and experts' fees in this case in any extrajudicial fashion without prior authorization to do so by the assigned District Judge, the Honorable David G. Campbell.

**BACKGROUND**

The docket reflects the Complaint was filed on October 15, 2007 in the Maricopa County Superior Court and removed to this District Court nearly two and a half years ago. This dispute arises out of a website – www.breathe.org ("Breathe website") – that Plaintiff claims Defendants created to publish numerous false and defamatory statements about FreeLife's business and its products. (docket # 21 at 2) Claims of defamation (Count I), tortious interference with business relationships (Count II), and breach of contract (Count III) were initially alleged in the Complaint. (*Id*. at 2-3) The parties have vigorously prosecuted and defended the claims, defenses and counter-claim by filing numerous dispositive motions and engaging in extensive discovery. On October 1, 2009, Judge Campbell granted in part and denied in part Plaintiff's motion for partial summary judgment on the breach of contract claim, granted Plaintiff's motion for summary judgment on Defendant Burge's defamation counterclaim, and denied Defendants' motion for summary judgment on Plaintiff's claims. (docket # 120) There are numerous motions *in limine* pending for ruling. A jury trial is scheduled for April 6, 2010 before Judge Campbell. (docket # 158)

After two unsuccessful attempts at private mediation in 2008 and 2009 before a well-respected, retired Maricopa County Superior Court Judge, one or more of the parties requested a settlement conference with a United States Magistrate Judge. On December 22, 2009, the Judge Campbell referred this case by random assignment to the undersigned Magistrate Judge for purposes of conducting a settlement conference. (docket # 158)

After conferring with counsel about mutually agreeable dates and times and considering that an out-of-district party will appear telephonically from India, this Court entered a Settlement Conference Order on January 19, 2010, setting the settlement conference for Thursday, February 4, 2010 at 10:00 a.m. (docket # 167) The Court

ordered, *inter alia*, that each party "provide the Court with the original of that party's Settlement Conference Memoranda, **at least, three (3) business days before the Settlement Conference**[]"; the Settlement Conference Memoranda shall not be filed with the Clerk but shall be exchanged between the parties; and the Settlement Conference Memoranda shall include "[a]n estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees." (*Id.* at 5) (emphasis in original).

Plaintiff FreeLife objects to the disclosure of its past and estimated future attorneys' and experts' fees to the adverse parties because Plaintiff is "very sensitive to the opposing party gaining access to confidential attorneys' fees information" as Defendants might publicize "this information . . . on the Breathe website in a further effort to embarrass FreeLife." (*Id.* at 2) For authority, Plaintiff cites a non-controlling district court opinion "that requiring the production of attorneys' fees information prior to a fee application may be unwarranted[, citing] *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645, 646 (N.D. Cal. 2006) (refusing to compel production of attorneys' fees records where case had not progressed to point where attorneys' fees were at issue)." (*Id.*) Instead of requesting a Rule 26(c) protective order that Defendants and their counsel not disclose or publicize this confidential information to anyone outside the parties and their counsel, Plaintiff "requests that the Court permit the parties to disclose their estimates for past and future attorneys' and experts' fees directly and privately to the Magistrate Judge during the Settlement Conference, rather than in the Settlement Conference Memoranda [unless Plaintiff chooses to] disclose this information to Defendants at the Settlement Conference if the circumstances warrant the disclosure." (*Id.*) Although Plaintiff does not raise the attorney-client privilege as a bar to attorneys' fees disclosure, the Court concludes that some discussion is relevant to the Motion.

Defendants' Response points out that Plaintiff "has previously asserted that [Defendant] Burge has an 'obligation to indemnify FreeLife for the costs and fees (including attorney's fees) of this litigation,' and has made demand 'that FreeLife be

1 indemnified for all costs and fees incurred in this lawsuit[,]'" citing Plaintiff's counsel's
2 March 31, 2008 letter to defense counsel. (docket # at 172 at 1) This letter asserts that
3 Defendant Burge "entered a contract with FreeLife" and "remind[s] [Defendant Burge] of
4 his obligation to indemnify FreeLife for the costs and fees (including attorney's fees) of
5 this litigation and . . . serve[s] as a demand that FreeLife be indemnified for all costs and
6 fees incurred in this lawsuit." (*Id.*, Exhibit 1 at 1) Defendants' Response concludes that
7 "[a]ttorney fee information should be exchanged." (*Id.* at 2) The Court agrees.

## **ATTORNEYS' FEES**

This case is based on diversity jurisdiction. (docket # 1, at ¶ 8) A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state. *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987) ("The availability of the attorney-client privilege in a diversity case is governed by state law.") (citing Fed.R.Evid. 501). Of course, Arizona recognizes that the attorney-client privilege may be invoked to prevent the disclosure of confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. *Ulibarri v. Superior Court*, 184 Ariz. 382, 387, 909 P.2d 449, 454 (Az. Ct. App. 1995); Arizona Revised Statute ("A.R.S.") § 12-2234.

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Valenti v. Allstate Ins. Co.*, 243 F.Supp.2d 200, 217 (M.D. Pa. 2003) (citing, among others, *Swidler & Berlin v. United States*, 524 U.S. 399 (1998)). The privilege is intended "to encourage full and frank communications between attorneys and their clients and therefore promote broader public interests in the observance of law and the administration of justice." *Upjohn*, 449 U.S. at 389; *Arizona Independent Redistricting Commission v. Fields*, 206 Ariz. 130, 142, 75 P.3d 1088, 1100 (Az.Ct.App. 2003) ("[T]he attorney-client privilege only applies to confidential communications made for the purpose of obtaining or providing legal assistance for the client.") (citing A.R.S. § 12-2234(B)). "The attorney-client privilege provides that an attorney cannot be required to disclose any communication between the

attorney and the client unless the client so consents." *In re Conservatorship of Westover*, 2009 WL 1530814, * 9 (Az.Ct.App. 2009) (citing *Samaritan Foundation v. Goodfarb*, 176 Ariz. 497, 501, 862 P.2d 870, 874 (Ariz. 1993)).

There are, however, limitations to the attorney-client privilege. For example, "information as the identity of the client, **the amount of the fee**, the identification of payment by case file name, the general purpose of the work performed, and whether an attorney coached a client on his testimony" are not protected by the attorney-client privilege. *United States v. Bauer*, 132 F.3d 504, 509 (9th Cir. 1997) (emphasis added); *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974); *Colton v. United States*, 306 F.2d 633, 638, (2nd Cir. 1962) (Questions to attorney regarding receipt of fees from a client are not usually privileged). "In general, the facts of legal consultation or employment, client identities, **attorney's fees** and the scope and nature of employment are not deemed privileged. *Valenti*, 243 F.Supp.2d at 218 (emphasis in original); *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege."); *Tornay v. United States*, 840 F.2d 1424, 1431 (9th Cir. 1988)).

## **DISCUSSION**

If the attorney-client privilege, "the oldest of the privileges," does not protect disclosure of attorney's fees and experts' fees incurred in litigation, Plaintiff's "sensitivity" that Defendants "might publicize this information . . . to embarrass FreeLife" does not warrant precluding disclosure of this information in the context of a private, court-ordered settlement conference. Moreover, both Plaintiff's First Amended Complaint and Defendants' Answer request an award of reasonable attorney's fees depending upon who is the prevailing party on the contract claim pursuant to A.R.S. 12-§ 341.01. (docket # 1-1, Exhibit A at 24; docket # 17 at 4-5) Of course, Arizona law "allows courts to award attorneys' fees to successful parties when the action arises out of a contract." *Moore v. Appleton*, 2008 WL 5057339, * 2 (Az.Ct.App. 2008) (citing. A.R.S. § 12-341.01). "The award is meant 'to mitigate the burden of the expense of litigation.' " *Id.* There is no presumption, however, that

1     a court should award attorneys' fees under section 12-341.01 in contract actions. Id. (citing
2     *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985).

3         This settlement conference judge views that each party's actual knowledge of the amount of money at risk in going to trial is an invaluable component to a successful settlement conference, especially here where the non-prevailing party will be required to pay, not only its or his own attorneys' fees and court-related expenses, but likely also those of the adverse party. This Court agrees with Defendants that "[d]isclosure of such information will assist the parties in better understanding the scope and nature of the risks and rewards they face in taking this matter to trial, which can only assist the settlement process." (docket # at 172 at 1) Moreover, Plaintiff's citation to *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645, 646 (N.D. Cal. 2006) is not persuasive and is distinguishable because this case does not pertain to disclosure of the amount of attorneys' fees incurred in the context of a settlement conference, but rather, deals with a request to compel production of attorneys' fees records prior to trial which were not reasonably calculated to lead to the discovery of admissible evidence per Fed.R.Civ.P. 26(b)(1).

        Accordingly,

        **IT IS ORDERED** that Plaintiff's Motion to Privately Disclose Attorneys' Fees to Settlement Conference Judge and Motion for Expedited Consideration, docket # 169, is **GRANTED** in part and **DENIED** in part as follows: a) granted as to Plaintiff's Motion for Expedited Consideration; b) denied in all other aspects.

        **IT IS FURTHER ORDERED**, pursuant to Rule 26(c), Fed.R.Civ.P., that all parties are hereby prohibited from disclosing or otherwise publicizing the other party's attorneys' and experts' fees in this case until authorized to do so by Judge Campbell. Counsel shall return all settlement conference memoranda to the settlement conference Judge at the conclusion of the settlement conference for destruction.

        DATED this 29th day of January, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge